IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfred D. Palmer, ) | C/A No. 0:10-210-RMG-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden of Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

     Alfred D. Palmer ("Palmer"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 14.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 16.) Following an extension of time, Palmer filed a response in opposition to the respondent's motion. (ECF No. 19.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion should be granted.

## BACKGROUND

     Palmer was indicted in April 2000 for trafficking in cocaine (00-GS-40-39939). (App. at 347-48, ECF No. 15-2 at 140-41.) Palmer was initially represented by Jack B. Swerling, Esquire, until he was relieved as counsel. Palmer was subsequently represented by Assistant Richland County Public Defender David Tarr, Esquire, and on March 14, 2002, was tried by a jury and found guilty as charged. (App. at 340, ECF No. 15-2 at 133.) The circuit court sentenced Palmer to thirty years' imprisonment. (App. at 345, ECF No. 15-2 at 138.)

Page 1 of 13

PJG

Palmer filed a direct appeal and was represented by Wanda H. Haile, Esquire, Senior Assistant Appellate Defender of the South Carolina Office of Appellate Defense. On February 26, 2003, Haile filed an Anders[1] brief and a petition to be relieved as counsel. (ECF No. 15-3.) In her Anders brief, appellate counsel presented the following issue: "The lower court erred in allowing the solicitor to exercise three peremptory challenges in a discriminatory manner." (Id. at 4.) In addition, Palmer filed a *pro se* response to the Anders brief in which he raised the following issues:

> 1. The lower court erred in allowing the solicitor to violate the lawyer/client privilege reserved by the fifth amendment of our constitution.
>
> 2. The lower court erred in allowing the solicitor to use my marijuana addiction to prejudice the jury.
>
> 3. The lower court erred in allowing the 9mm to be entered into evidence without notifying my attorney so that I could have been properly defended.
>
> 4. The lower court erred in allowing a five-time convicted felon's testimony to be the climax for my conviction.

(ECF No. 15-4.) On October 20, 2003, the South Carolina Court of Appeals dismissed Palmer's appeal and granted appellate counsel's petition to be relieved as counsel. (State v. Palmer, 2003-UP-611 (S.C. Ct. App. Oct. 20, 2003), ECF No. 15-5.)

On January 9, 2004, Palmer filed a *pro se* application for post-conviction relief ("PCR"). (See Palmer v. State of South Carolina, 04-CP-40-104; App. at 349-56, ECF No. 15-2 at 142-49.) In his application, Palmer alleged the following:

---

[1] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

1. Breach [of] contract . . . The state agreed not to use the forfeiting of my property against me in any criminal proceedings.

2. Ineffective assistance of counsel.

   [a] My lawyer should have requested before trial an impeachment of the only state witness.

   [b] My lawyer also allowed a nine millimeter gun to be introduce[d] into evidence without being disclosed in my motion of discovery.

   [c] [A]fter being tried and the state declared a mistrial for reasons of not enough evidence to convict, my lawyer allowed me to be re-tried by the same judge, the honorable Henry Floyd.

   [d] My lawyer, David Tarr[,] destroyed or concealed documents or other material having potential exculpatory value.

   [e] My attorney failed to raise the double jeopardy clause of the Fifth Amendment of the U.S. Constitution.

   [f] My attorney failed to object when prosecution violated qualified immunity negotiated in Forfeiture Consent Order which constituted fraud by the state.

(Id.) The State filed a return. (App. at 357-60, ECF No. 15-2 at 150-53.) On April 3, 2006, the PCR court held an evidentiary hearing at which Palmer appeared and testified and was represented by Patrick L. Wright, Esquire, and Jonathan Chaplin, Esquire. (App. at 361-84, ECF No. 15-2 at 154-77.) By order filed July 17, 2007, the PCR judge denied and dismissed with prejudice Palmer's PCR application. (App. at 385-90, ECF No. 15-2 at 178-83.) Palmer filed a motion to reconsider pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. (App. at 391-96, ECF No. 15-2 at 184-89.) Palmer's motion was denied by order filed April 7, 2008. (App. at 406-07, ECF No. 15-2 at 199-200.)

In his PCR appeal, Palmer was represented by Elizabeth A. Franklin-Best, Esquire, Assistant Appellate Defender of the South Carolina Commission of Indigent Defense, Division of Appellate

*PJG*

Defense, who filed a petition for a writ of certiorari on January 9, 2009 that presented the following issues:

1. Did Palmer receive ineffective assistance of counsel when his attorney, who had not received discovery from the State but from Palmer's prior attorney, failed to object when the State introduced, as evidence of his guilt, a forfeiture agreement that stated, on its face, that it was not to be used as evidence of guilt in a criminal proceeding? Did the PCR judge err when he held that counsel was not ineffective "because he was unaware" of the forfeiture agreement?

2. Did the judge abuse his discretion by not entertaining Palmer's meritorious PCR claim, which he had to raise by way of a 59(e) motion since his PCR attorney failed to raise it at the hearing, that his trial counsel was ineffective for failing to object to the introduction of a gun into evidence after Palmer had been convicted of possession of that gun in a prior trial, and entering into evidence during this re-trial only served to prejudice his client?

(ECF No. 15-9 at 3.) The State filed a return. (ECF No. 15-10.) In an order filed December 1, 2009, the South Carolina Supreme Court denied Palmer's petition. (ECF No. 15-11.)

## FEDERAL HABEAS ISSUES

In Palmer's federal petition for a writ of habeas corpus, he raises the following issues:

**Ground One:** My right to due process was violated!
  **Supporting Facts:** In August of 1999 a Consent Order for forfeiture of one (1) Land Rover Automobile, one (1) arms .22 cal pistol, and ½ kilo of cocaine was made final. Those items were then considered under Collateral Estoppel claim protection of double jeopardy. Res Judicata means all agreements are final and barred.

**Ground Two:** A fair trial violation concerning having a comp[e]tent lawyer as a representative.
  **Supporting Facts:** My attorney withheld or destroyed evidence that was relevant for an entrapment defense. My attorney was appointed to my case only a month before I stood trial and was not thoroughly familiar with the facts of my case (see PCR transcript). Not only did counsel had not received [*sic*] discovery from the state but from my prior attorney, but he also failed to object to the intro. of a gun after I had been convicted of possession of that gun in a prior trial.

(ECF No. 1.)

**DISCUSSION**

A.   **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.   **Habeas Corpus Standard of Review**

   1.   **Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

   2.   **Exhaustion Requirement**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas

court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**C.     Ground One**

In Ground One, Palmer argues that his due process rights were violated, apparently based on his contention that an August 1999 consent order for forfeiture was improperly considered in his trial. As an initial matter, the court observes that Palmer has not pled this ground as one for ineffective assistance of counsel; rather, this ground appears to be characterized as an error of the state trial court.[2] However, Palmer did not raise any issues alleging that his due process rights were violated to the state appellate courts on direct appeal. See Drayton v. Evatt, 430 S.E.2d 517, 520 (S.C. 1993) (stating that issues that could have been raised at trial or in direct appeal cannot be asserted in PCR application absent a claim of ineffective assistance of counsel); see also Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). Therefore, this issue is procedurally barred unless Palmer can "demonstrate cause for the default and

---

[2] Even if Palmer intended to raise this ground as one asserting ineffective assistance of counsel, based on a through review of the record and the parties' arguments, for the reasons stated by the respondent, the court concludes that Palmer would not be entitled to habeas relief. (See Respt.'s Mem. Supp. Summ. J. at 13-18, 25-31, ECF No. 15 at 13-18, 25-31); see also 28 U.S.C.A. § 2254(d); Strickland v. Washington, 466 U.S. 668 (1984).



actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; see also Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Liberally construing Palmer's response, the court gleans Palmer's argument to be that it would have been futile to have presented this claim to the state courts based on his assertion that the judicial process in South Carolina is discriminatory and clearly deficient. The court finds that these arguments are conclusory and without merit. As such, they are insufficient to demonstrate cause for his default. Accordingly, the court cannot excuse Palmer's procedural default and concludes that Ground One is procedurally barred.

**D.     Ground Two**

In Ground Two, Palmer raises claims of ineffective assistance of counsel. Palmer generally contends that trial counsel was not adequately prepared for his trial due to his appointment one month before trial. Specifically, Palmer asserts that trial counsel withheld or destroyed evidence that was relevant for an entrapment defense and that trial counsel failed to object to the introduction of a gun after Palmer "had been convicted of possession of that gun in a prior trial." (Pet., ECF No. 1 at 7.)

With regard to Palmer's argument that trial counsel withheld or destroyed evidence that was relevant for an entrapment defense, this issue was not presented to the appellate courts after it was rejected by the PCR court. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). Therefore, this issue, like Ground One, is procedurally barred



unless Palmer can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; see also Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). For the reasons stated above, Palmer has failed to provide sufficient cause for this default. Moreover, to the extent that Palmer contends that this ground was not properly exhausted due to PCR appellate counsel's failure to include this ground, this allegation is insufficient to demonstrate cause. "[T]here is no constitutional right to an attorney in state post-conviction proceedings." Coleman, 501 U.S. at 752. Accordingly, there can be no right to effective assistance of counsel where there is no constitutional right to counsel. Wainright v. Torna, 455 U.S. 586 (1982). Since there is no right to effective assistance of counsel in state PCR proceedings, ineffective assistance of PCR appellate counsel cannot serve as cause for Palmer's default. Coleman, 501 U.S. at 753-55; see also Sidebottom v. Delo, 46 F.3d 744, 751 (8th Cir. 1995) (stating that the failure of a petitioner's PCR counsel to preserve grounds for appeal cannot constitute cause); Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992) ("Ineffectiveness of counsel does not provide sufficient cause to excuse procedural default when counsel is not constitutionally mandated."). Accordingly, the court cannot excuse Palmer's procedural default and concludes that this portion of Ground Two is procedurally barred.

With regard to Palmer's argument that trial counsel failed to object to the introduction of a gun after Palmer "had been convicted of possession of that gun in a prior trial," the court concludes that Palmer is not entitled to habeas relief on this basis. (Pet., ECF No. 1 at 7.) A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of

counsel, a petitioner must show, pursuant to the two-prong test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. <u>Id.</u> at 687; <u>see</u> <u>also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 391 (2000) (stating that "the <u>Strickland</u> test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of <u>Strickland</u>, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of <u>Strickland</u>, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." <u>United States v. Cronic</u>, 466 U.S. 648, 659 (1984).

Accordingly, the issue before the court is whether counsel's failure to object to the introduction of a gun fell below the objective standard of reasonableness, and if so, whether Palmer has demonstrated that he was prejudiced as a result of this error. <u>See</u> <u>Strickland</u>, 466 U.S. at 687. Palmer testified at the PCR hearing but he did not discuss this particular allegation (App. at 377-83, ECF No. 15-2 at 170-76); nor did PCR counsel question trial counsel about this allegation (App. at 365-77, ECF No. 15-2 at 158-70). The PCR court considered this claim and found that Palmer "has failed to present evidence and meet his burden of proof in establishing ineffective assistance of

Page 10 of 13



counsel" on this basis.³  (App. at 389, ECF No. 15-2 at 182.)  Upon thorough review of the record in this matter, the court finds that Palmer cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law in rejecting this claim or that the PCR court made objectively unreasonable factual findings.  See Williams v. Taylor, 529 U.S. at 410; 28 U.S.C. § 2254(d)(2), (e)(1).  For example, a review of the record reveals that Palmer failed to provide any support for this claim before the PCR court.  Palmer attempted to argue in his motion to reconsider as well as in his petition for certiorari that this was due to the ineffectiveness of his PCR counsel; however, such claims are insufficient to demonstrate that Palmer is entitled to habeas relief.  See 28 U.S.C. § 2254(i); see also Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997).  Accordingly, Palmer cannot demonstrate that the state court's rejection of this claim was contrary to or involved an unreasonable application of clearly established federal law and Palmer is not entitled to federal habeas relief on this ground.

**E.     Other Issues**

To the extent that Palmer's response in opposition to summary judgment presents issues and claims not contained in his Petition, these claims are not properly before the court.  See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

---

³ Palmer filed a *pro se* motion to alter or amend the PCR court's decision pursuant to Rule 59(e), which arguably included a request to reconsider this claim.  (See ECF No. 15-7.)  Palmer's counsel adopted his *pro se* motion.  (App. at 397, ECF No. 15-2 at 190.)  Upon consideration of the evidence and the motion and supporting memorandum, the court denied Palmer's motion.  (App. at 406-07, ECF No. 15-2 at 199-200.)

Page 11 of 13



## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 14) be granted. In light of this recommendation, the court further recommends that Palmer's "Petition to the court for a plea bargain" (ECF No. 22) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 23, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.,</u> 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).