IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2011 FEB -7 P 2: 11

| | |
|---|---|
| Alfred D. Palmer,                )   | |
|     Petitioner,                       )   | C/A No. 0:10-210-RMG-PJG |
|                                           )   | |
|     vs.                                 )   | **ORDER** |
|                                           )   | |
| Warden of Lee Correctional Institution )   | |
|                                           )   | |
|     Respondent.                  )   | |

In this *pro se* action Alfred D. Palmer "Palmer" filed a petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff files this action *in forma pauperis* and thus the action is subject to review pursuant to 28 U.S.C §1915 (e)(2)(B). The Magistrate Judge has issued a Report and Recommendation that respondent's motion for summary judgment should be granted. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if she failed to do so. Petitioner has objected to the Report and Recommendation. As explained herein, this Court agrees with the Report and Recommendation and grants respondent's motion for summary judgment.

### LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court

is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

This Court has reviewed this matter *de novo* in light of the objections. Respondent filed a motion for summary judgment to which Palmer filed a response claiming a violation of his right to due process and ineffective assistance of counsel. Petitioner alleges that his right to due process was violated based on his contention that an August 1999 consent order for forfeiture was improperly considered in his trial. Petitioner did not raise this allegation to the state appellate courts on direct appeal. *See Drayton v. Evatt*, 430 S.E.2d 517, 520 (S.C. 1993) (stating that issues that could have been raised at trial or in direct appeal cannot be asserted in PCR application absent a claim of ineffective assistance of counsel); *see also Coleman v. Thompson*, 501 U.S. 722 (1991) (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). Therefore, this issue is procedurally barred unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Picard v. Connor*, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to

hear the claim sought to be vindicated in a federal habeas proceeding"). This Court finds no such default and thus finds that Palmer's due process claim is procedurally barred.

Petitioner also argues that trial counsel provided ineffective assistance. Palmer first contends that trial counsel withheld evidence that was relevant for his defense. Like Palmer's due process claim, he did not present this issue to the appellate courts after the PCR court rejected it. This issue is therefore also procedurally barred unless Petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Id.* Palmer has not presented adequate cause for this default. Accordingly, this Court concludes that this claim is also procedurally barred. Next, petitioner claims that trial counsel's failure to object to the introduction of a gun is evidence of ineffective assistance of counsel and entitles him to habeas relief. In order to grant such relief Palmer must demonstrate that counsel's failure to object to the introduction of a gun fell below the objective standard of reasonableness and that Petitioner was prejudiced as a result of this error. *See Strickland*, 466 U.S. at 687. After failing to raise this habeas claim at the PCR hearing, Palmer filed a *pro se* motion to reconsider his claim. The court denied petitioner's motion. Based on the record before us, this Court finds that Petitioner cannot demonstrate that the PCR court unreasonably misapplied the federal law or made objectively unreasonable factual findings. This Court therefore finds that Petitioner is not entitled to habeas relief.

Based on the above authority, the Court adopts the Magistrate's Report and Recommendation. Thus, this Court grants the respondent's motion for summary judgment.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4 th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied**.

### CONCLUSION

After a *de novo* review of the Record, Magistrate Judge's Report and Recommendation, the objections, and the relevant case law, this Court adopts the Magistrate Judge's Report and Recommendation. The respondent's motion for summary judgment is **granted** and Palmer's "Petition to the court for a plea bargain" is **denied**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judgw

February __7__, 2011
Charleston, South Carolina